W. C. PARKE, *et al.* Assignees of Aiau, *vs.* LAU NG.

APPEAL FROM DECISION OF McCULLY, J.

JANUARY TERM, 1886.

JUDD, C. J.; McCULLY and PRESTON, JJ.

A conveyance made in May, 1884, by a party who was declared a bankrupt in February, 1885, held to be in fraud of creditors, and set aside, there being strong evidence that the grantee was aware of the insolvency of the grantor at the date of the conveyance.

Decree affirmed.

OPINION OF THE FULL COURT.

We have carefully reviewed the testimony in this case, and are of the opinion that the judgment and decree of Mr. Justice McCully, appealed from, should be sustained.

We think it proper to refer to the admission of defendant that he knew of the debt of Aiau to W. P. Akau, and of the mortgage to secure it, at the time he took the deed in question. As this mortgage was given for a debt overdue, and expressly stated in the mortgage to be in consideration of the forbearance of the company, which W. P. Akau represented, to demand and sue

Aiau for the debt, it furnishes strong evidence that defendant was aware of the insolvency of Aiau at that time.

The decree is affirmed with costs.

*W. A. Whiting,* for plaintiffs.

*W. R. Castle* and *H. E. Avery,* for defendant.

Honolulu, January 23, 1886.

DECISION OF McCULLY, J., APPEALED FROM.

This is a bill in equity relating to the conveyance of certain leasehold properties by Aiau to the defendant, which is alleged to be in fraud of creditors.

The conveyance was made May 16, 1884. Aiau went into bankruptcy February 20, 1885, and has since deceased. The defendant was his brother. It is to be determined whether the transaction is fraudulent and void, within the terms of Section 978 of the Civil Code, as amended in 1882 : "Every assignment, conveyance or transfer of his property by him, after he shall have become insolvent or committed an act of bankruptcy, except upon (1) a good consideration (2) to a bona fide purchaser, (3) having no reasonable cause to believe him to be insolvent or bankrupt, shall be void."

Our leading Hawaiian case upon the statute then existing, in the same words as the above, except in the third particular, which provided for "notice" of the insolvency, instead of "reasonable cause to believe," is *Fallon vs. Robinson,* 2 Hawn. 227. The question in that case was the validity of a mortgage made nine days before Turton was declared bankrupt. Respecting the terms *failure, bankrupt* and *insolvent,* the Court say : "Whenever any person owing debts to the amount of $2,000 shall refuse or fail to make payment of his just demands for ten days after the same shall have matured and been presented for payment to him or to his agent, he has *failed,* within the meaning of the bankrupt law, so that he may, upon petition, be declared bankrupt. If his failure results from his not having the means to pay his debts, he is then *insolvent,* but not bankrupt until so declared by competent authority. A person may be insolvent for any length of time and yet not bankrupt,

within the meaning of the statute, and so a person may be declared bankrupt who is not, in fact, insolvent."

To invalidate this deed it must first appear that Aiau was, on the 16th of May, 1884, "insolvent," that is, not having the means to pay his debts. On the 20th of February, 1885, when he was adjudged a bankrupt, it appears by the schedules of his assets and liabilities that he was also insolvent. His whole estate will not solve his debts. Was he insolvent May 16th, nine months previously? The evidence offered on this point is, first, a statement made up from the books of Aiau by a Chinese accountant and translated by the Court interpreter, as of May 16th, by which his assets are made $7,445, plus $3,159 of poor accounts, as per a statement of Aiau's without particulars. The evidence of C. Monting, afterwards given, shows that his debts were practically worth nothing. Out of $2,000 he was able to collect not a dollar. His liabilities are stated at $23,802. The real estate does not appear in the statement from the books. Mr. Castle testifies that there was a mortgage due of $10,000 on his rice plantation. The plantation sold for $14,000 by the mortgagee after entry.

The assignment of the leaseholds, which is the deed under consideration, is for $700, recited to be an indebtedness of the grantor to the grantee, and $1,050 in cash. They are subject to mortgage. The defendant claims that what is paid is a full consideration. So, taking the excess of the value of the several properties of Aiau above mortgages, and adding to the assets, as per the books, there is left yet a clear insufficiency or insolvency. There also arises an inference from the condition of his affairs nine months later, unless explained by proofs of recent losses, that the insolvent condition preceded the 16th of May.

The testimony of Lu Chong, of the firm of Wing Wo Tai, that in dealing with Aiau his accounts were increasingly difficult of collection, and were not paid up, is confirmatory of the allegation of insolvency, though I would not find this as a fact solely on evidence of a slowness to pay debts. On the whole testimony, I find that Aiau was insolvent at the date of the execution of the deed.

Respecting defendant's reason to believe that he was dealing with an insolvent, the circumstance that he was his brother goes

for something; but it is more important that he was in his employ as manager of Aiau's rice plantation for seven years prior to the sale of it by the mortgagee.

Lu Chong gives circumstantial accounts of conversations with defendant at Aiau's place of business, in trying to make collections, in which defendant said that times were hard; that Aiau had incurred large expenses in maintaining a polygamous family, and that he had no money. Defendant denies the conversation. The testimony of Lu Chong seems to me to be preferred in this conflict. I do not regard the circumstance of the alleged balance of wages due defendant, accumulated in Aiau's hands, as of itself significant.

But in view of the business connection and his opportunities for knowing the condition of Aiau's affairs, I think the defendant is chargeable with knowledge.

The circumstances of the sale, as testified by Mr. Ward, the solicitor who drew the conveyance, give me an impression that the parties were making a case. They made some ostentation of bringing a bag of coin, which they said contained $1,050, and which the defendant held up, saying it was all right, but declined Mr. Ward's suggestion that it be counted and delivered. No entry can be found in Aiau's books to the amount said to be due the defendant.

Thus upon every ground I find the conveyance in question to be in fraud of creditors, and therefore void.

I will sign a decree in accordance with this result.

*W. A. Whiting,* for plaintiffs.

*W. R. Castle,* for defendants.

Honolulu, November 18, 1885.